■ 10 Sheridan Associates LLC, Appellant, v Jose Monfort, Respondent. [878 NYS2d 24]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered March 26, 2008, which, to the extent appealed from as limited by the brief, granted defendant's motion for attorneys' fees, unanimously affirmed, with costs.

The record supports the court's finding that plaintiff's default under the terms of the parties' stipulation of settlement was willful and that therefore, pursuant to an express term of the stipulation, defendant was entitled to recover the attorneys' fees he incurred in restoring the case to the court calendar to enforce the stipulation's terms. Plaintiff purposefully and deliberately failed to apply to the court, as expressly required by the stipulation, for an extension of time to complete the repair work on defendant's terrace, once it determined that it would be unable to complete the work within the 30-day time frame provided for in the stipulation. Moreover, plaintiff intentionally misrepresented to defendant that it only obtained oral approval from the New York City Landmarks Preservation Commission to make the proposed structural changes in January 2007, when in fact it had received oral approval in November 2006 and written approval during the week of December 18, 2006, and it purposefully waited to apply for a building permit until March 2, 2007—the date on which defendant threatened to return to court. While plaintiff maintained that the reason for the delay was unseasonably cold temperatures, the record supports the inference that plaintiff was waiting to have the work on the building facade done before beginning the repair to defendant's terrace. Even after the court directed plaintiff, in the order restoring the case to the calendar, to complete the facade work on the area around defendant's apartment and immediately commence the repairs to his terrace, plaintiff waited ap-

proximately one month to begin work, and then it performed the facade work on all other parts of the building before starting on the area around defendant's terrace. As a result, the terrace repair work was not completed until September 2007—a full year after the parties entered into the stipulation to settle this action, which plaintiff initiated, in March 2006, claiming that the terrace had to be repaired immediately because it was in imminent danger of collapsing. Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.